**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| JUSTIN WRIGHT, #1949550, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-280-JDK-KNM |
| | § | |
| TDCJ-CID DIRECTOR, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Justin Wright, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge, K. Nicole Mitchell, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 31, 2022, the Magistrate Judge issued a Report recommending that Plaintiff's claims against the TDCJ Director, the "TDCJ state classification," and "unit grievance investigator" be dismissed for failure to state a claim for which relief can be granted. Docket No. 27. The Report observed that Plaintiff's claims against two other Defendants are proceeding as provided by separate order. *Id.* at 1. A copy of this Report was sent to Plaintiff, who filed written objections. Docket No. 30.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.

1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See United States v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

In his objections, Plaintiff agrees with the recommendation to dismiss the TDCJ Director and grievance investigator. Docket No. 30 at 1. He objects solely to the recommendation to dismiss the "state classification" Defendant. *Id.*

The Magistrate Judge recommended dismissal of that claim because Plaintiff did not allege specific facts that would establish that the Defendant in question was aware of a substantial risk of serious harm to Plaintiff and failed to take reasonable measures to alleviate that risk. Docket No. 27 at 4–6. Specifically, the Magistrate Judge explained that Plaintiff's allegations that he informed "security" that inmates had "gained access to [his] personal property and [his] family's personal information for criminal purposes" and that he was "begging for mercy and [his] life"

2

were too vague to establish that any classification defendant was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists." *Id.* at 4–5 (quoting Docket No. 1 at 4 and *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff now adds that he "informed state classification . . . that [his] life and also [his] family's life was in danger on the Beto Unit." Docket No. 30 at 3. He says, "I told them everything truthful, I gave them the inmates names, [and] their intentions to harm me." *Id.* But Plaintiff's subjective conclusions that his life was in danger and that inmates intended to harm him are no substitute for the specific facts that would lead a prison official to the same conclusions. Triggering a right to protection under the Eighth Amendment requires more than a prisoner's mere announcement that he needs protection. It must be based on objective facts demonstrating a substantial risk, which are not alleged in the operative complaint or Plaintiff's objection. *See Armstrong v. Price*, 190 F. App'x 350, 353 (5th Cir. 2006) (holding that plaintiff "failed to establish that, given the rather vague information he had provided them, it would be clear to a reasonable officer that such information presented a substantial risk of serious harm").

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit.  Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 27) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 30) are **OVERRULED**. Further, it is

**ORDERED** that Plaintiff's claims against the TDCJ Director, the "TDCJ state classification," and "unit grievance investigator" are **DISMISSED** for failure to state a claim upon which relief may be granted.

So **ORDERED** and **SIGNED** this **3rd**   day of  **March, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE