IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUSTIN WRIGHT #1949550 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv280 |
| TDCJ-CID DIRECTOR, et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Justin Wright, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights action complaining about being stabbed by a fellow inmate. (Dkt. #1.) The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition.

Plaintiff has filed a motion for preliminary injunction to enjoin prison authorities from confining him in segregation and denying him access to legal materials. (Dkt. #40.) He says he is being held in administrative segregation for no reason without due process and that he is being "denied absolutely no access to law books or court cases." (Dkt. 40-2.) For the reasons expressed below, the undersigned recommends that the motion be denied.

**I. Discussion and Analysis**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried

1

the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury that is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd*, 435 F.2d 1307 (5th Cir. 1971). Irreparable injury means harm that cannot be adequately addressed by a monetary award. *See Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981) ("In order to meet this burden plaintiffs need to establish that at the time of the injunction it was under a substantial 'threat of harm which cannot be undone' through monetary remedies.")

Mere speculation or conclusory allegations of an irreparable injury are insufficient. *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, No. 3:12–CV–04783, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

"[D]istrict courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint." *Bucklew v. St. Clair*, No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019), *report and recommendation adopted*, No. 3:18-CV-2117-N (BH), 2019 WL 2249719 (N.D. Tex. May 24, 2019). Where a plaintiff "seeks injunctive relief unrelated to the claims in her lawsuit, jurisdiction

is lacking." *Id.* Accordingly, "[w]ithout a relationship between the motion and [the plaintiff's] underlying allegations, the Court cannot grant [his] injunction." *Brown v. United States, Dep't of Veterans Affs.*, No. 3:20-CV-063-DPJ-FKB, 2021 WL 1842136, at *2 (S.D. Miss. May 7, 2021).

Plaintiff fails to satisfy this standard. First, any alleged deprivations of Plaintiff's constitutional rights in connection with his segregation or lack of access to legal materials are totally independent from the underlying claims in this case about Plaintiff's stabbing. Moreover, there is no basis to assume that either of the remaining Defendants to this case has any involvement in the newly alleged deprivations or the authority to remedy them. This lack of relationship alone is reason to deny Plaintiff's motion.

Moreover, even if Plaintiff's claims about segregation and lack of access to legal materials were properly before the Court, Plaintiff's motion would not entitle him to the extraordinary relief he seeks. Restrictive confinement within the prison setting is not atypical as required to trigger any right to due process, *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (explaining that prisoner's "discipline in segregated confinement did not present [an] atypical, significant deprivation"), and Plaintiff offers no argument or law establishing that it could constitute irreparable harm. *See Walker v. McKey*, No. CV 19-00396-BAJ-RLB, 2020 WL 2081435, at *2 (M.D. La. Apr. 30, 2020) ("Plaintiff has not identified any binding legal support—nor has the Court identified any—for his assertion that irreparable harm shall be suffered if he remains in administrative segregation."). Furthermore, both the prison authorities and the public have a strong interest in allowing prison officials to carry out their duties without interference from the judiciary. Federal judges are not experts in prison security classifications or what privileges they should entail. The Supreme Court has, therefore, taken a negative view of "the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting

3

benefit to anyone." *Sandin*, 515 U.S. at 482–83. Accordingly, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment," and "[s]uch flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life." *Id.*

Nor has Plaintiff established any likelihood of success on a claim arising from alleged lack of access to legal materials. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). But that does not mean that inmates have "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. To state a claim for violation of the right to access courts, a prisoner must allege actual injury to some underlying litigation he was pursuing or planned to pursue. *Lewis*, 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). He must demonstrate that his position as a litigant was prejudiced by the defendant's actions. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Absent such an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349. Here, Plaintiff does not identify any actionable claim that he has been unable to pursue or allege that he faces irreparable harm in the form of any imminent loss of a viable claim.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunctive relief (Dkt. #40) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 4th day of April, 2022.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE