IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUSTIN WRIGHT #1949550 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv280 |
| TDCJ-CID DIRECTOR, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Justin Wright filed this civil rights lawsuit *pro se* pursuant to 42 U.S.C. § 1983, alleging that deliberate indifference to his safety resulted in his being injured in a stabbing by a fellow inmate in the Beto Unit of the Texas Department of Criminal Justice (TDCJ) in February 2020. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Based on Plaintiff's original complaint, the Court authorized service upon Defendants Petty and McGee and dismissed Plaintiff's claims against the TDCJ Director, the "TDCJ state classification," and "unit grievance investigator" for failure to state a claim upon which relief could be granted. (Dkt. ##25, 36.) Defendant McGee answered the original complaint on March 23, 2022, and has actively defended against Plaintiff's claims against him. (Dkt. ##39, 53, 57, 78.) Plaintiff has been unable to locate Defendant Petty for service. (*See* Dkt. #86.)

With the Court's permission, Plaintiff filed an amended complaint on May 23, 2022, which is before the Court for the screening required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

**I. Alleged Facts**

As mentioned above, the Court has already authorized Plaintiff to pursue his claims against Defendants McGee and Petty. This Report, therefore, focuses on the claims in the amended complaint against "State classification committe [sic]" and "Warden Jon Doe Beto Unit." (Dkt. #71 at 1, 3.) The entirety of Plaintiff's statement of claim against those Defendants is:

> (1)   Defendant state classification committe [sic] denied Plaintiff's unit transfer for his safety after the warden investigated Plaintiffs allegations and substantiated Plaintiffs allegations recommending a unit transfer for Plaintiffs safety.
> . . .
> (4)   Defendant Warden Jon Doe failed to adequatly [sic] train his subordinates, and to insure [sic] that they followed policy relating to inmate safety.

(*Id.* at 4.) Plaintiff seeks compensatory and punitive damages totaling $500,000 from each Defendant and unspecified injunctive relief. (*Id.*)

**II. Legal Standards and Preliminary Screening**

Plaintiff is an inmate seeking redress from governmental officers and employees, so his complaint is subject to screening under 28 U.S.C. § 1915A. That statute requires *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County,*

*Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

The TDCJ State Classification Committee is not person subject to suit under 42 U.S.C. § 1983. *Falconer v. Collier*, No. 6:21CV502, 2022 WL 2158932, at *2 (E.D. Tex. May 17, 2022), *report and recommendation adopted*, No. 6:21-CV-502-JDK-KNM, 2022 WL 2134018 (E.D. Tex. June 14, 2022) ("The TDCJ State Classification Committee (SCC), however, is not a jural entity."); *Dietiker v. Collier*, No. SA-21-CV-00674-XR, 2021 WL 5148023, at *3 (W.D. Tex. Oct. 14, 2021), *appeal dismissed*, No. 21-51052, 2022 WL 1397851 (5th Cir. Mar. 17, 2022) ("Accordingly, because TDCJ is an instrumentality of the state and the State Classification Committee is a state agency, any claims against them are barred by the Eleventh Amendment.") *Rodriguez v. Windham Educ. Dep't*, No. 6:16CV1398, 2017 WL 2569720, at *2 (E.D. Tex. June 13, 2017) ("The only named Defendant in the second amended complaint is the State Classification Committee, which is an agency of the State of Texas and thus immune from suit under 42 U.S.C. § 1983.").

For a plaintiff to sue a government agency or department, the agency or department must "enjoy a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 F. App'x 876, 878 (5th Cir. 2009) (citing *Darby*, 939 F.2d at 313 (holding that under Texas law, a city is "allowed to designate whether one of its own subdivisions can be sued as an independent entity.")); *see also Propes v. Plano Police Dep't*, No.: 4:03cv87, 2005 WL 1177880 (E.D. Tex. May 18, 2005). A plaintiff cannot sue a political subdivision unless the true political entity has taken explicit steps to grant the servient agency jural authority. *Darby*, 939 F.2d at 313.

The Court understands the "TDCJ State Classification Committee" to operate as a function of the Texas Department of Criminal Justice, which is a Department of the State of Texas.

There is no apparent authority showing that the State of Texas or the Texas Department of Criminal Justice has granted authority to the TDCJ State Classification Committee to engage in litigation. Accordingly, the committee has no jural existence and lacks capacity to be sued. *Id.* Plaintiff's claims against the committee should be dismissed for failure to state a claim upon which relief can be granted.

Turning to Plaintiff's claim against the unidentified Beto Unit warden, his allegation is simply too conclusory to state a claim for any relief. Lawsuits against supervisory personnel based solely on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

Plaintiff here alleges without elaboration that the warden failed to train his staff. But to presume a failure to train based on a single incident would result in supervisory liability in every case where a constitutional violation is proved. To establish a supervisor's liability for failure to train or supervise subordinates, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d

375, 381 (5th Cir. 2005) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998)). The single incident of violence alleged by Plaintiff, in the absence of any specific factual allegations about a persistent or widespread failure of prison safety policies or of the specific training alleged not to have been given, does not satisfy that standard. *See Yates v. Unidentified Parties*, 73 F. App'x 19, 20 (5th Cir. 2003) ("Yates's vague and conclusional allegation that Sheriff Strain's failure to train deputies resulted in his assault does not give rise to § 1983 liability.").

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted against Defendants "State classification committe [sic]" or "Warden Jon Doe Beto Unit."

RECOMMENDATION

Accordingly, the undersigned recommends that State classification committee and Warden Jon Doe be dismissed from this action pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 19th day of September, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE