IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JUSTIN WRIGHT, #1949550, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-280-JDK-KNM |
| TDCJ-CID DIRECTOR, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Justin Wright, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's lawsuit arises from an assault by a fellow inmate in the TDCJ Beto Unit. Docket No. 71. He sues former TDCJ officer Patrice Petty for deliberate indifference to his safety for escorting him into the area of the prison where he was allegedly in danger. *Id.* at 3. He also sues Lieutenant Shawn McGee, the TDCJ State Classification Committee, and "Warden Jon Doe" under various theories of liability for the assault. *Id.* The Court ordered service upon and responses from Defendants Petty and McGee, but multiple attempts to serve Petty have thus far failed. Docket Nos. 9, 15, 25, 50, 74, 86. The Court most recently ordered service upon Petty at an

1

address provided by Plaintiff and extended the deadline for service to November 18, 2022.  Docket No. 109.

At present, only Defendant McGee has appeared and defended against Plaintiff's lawsuit.  After answering Plaintiff's complaint and amended complaint (Docket Nos. 39, 78), Defendant McGee moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Docket No. 79.  Plaintiff did not respond to that motion, despite being permitted an extension of time to do so.  Docket No. 93.  Instead, after his time to respond had expired, Plaintiff moved to voluntarily dismiss Defendant McGee.  Docket No. 106.

On September 19, 2022, the Magistrate Judge issued a Report recommending that the Court grant Defendant McGee's motion for summary judgment and deny Plaintiff's motion to voluntarily dismiss McGee.  Docket No. 107.  Because the record and law marshaled by Defendant McGee also established that Defendants the State Classification Committee (SCC) and its members are also entitled to summary judgment on exhaustion grounds, the Magistrate Judge also recommended entry of summary judgment in favor of these Defendants.  *Id.* at 8–9, 12.

On that same date, the Magistrate Judge screened Plaintiff's amended complaint, as required by the Prison Litigation Reform Act, and issued a second Report recommending that the Court dismiss Plaintiff's claims against the SCC and "Warden Jon Doe Beto Unit" for failure to state a claim upon which relief could be granted.  Docket No. 108.

Plaintiff filed a single written objection to what he calls the "Magistrate Judges motion for summary judgement for state classification committee and its members." Docket No. 120.  Because both of the pending Reports concern the SCC, the Court will consider Plaintiff's objections in connection with both.  Plaintiff has not objected to the Magistrate Judge's recommendation to dismiss the Warden for failure to state a claim.  He has also not objected to the recommendations to grant Defendant McGee's motion for summary judgment and deny Plaintiff's motion to voluntarily dismiss his claims against McGee.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects.  Frivolous, conclusory, or general objections need not be considered by the District Judge.  *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc).  Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review.  *See U.S. v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party

3

to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

In screening Plaintiff's amended complaint under 28 U.S.C. § 1915A, the Magistrate Judge found that the SCC as an entity is not a person subject to suit under § 1983. Docket No. 108 at 4–5. Because the SCC is simply a subdivision of TDCJ, an instrumentality of the state, it "is not a jural entity" capable of being sued. *Id.* (quoting *Falconer v. Collier*, 2022 WL 2158932, at *2 (E.D. Tex. May 17, 2022), *report and recommendation adopted*, 2022 WL 2134018 (E.D. Tex. June 14, 2022)). Plaintiff's objection does not dispute that finding. Docket No. 120. Accordingly, he does not raise any meritorious objection to the dismissal of the SCC under § 1915A(b).

Plaintiff's objections instead focus on the recommended summary judgment for the SCC and its members for failure to exhaust his administrative remedies. The Magistrate Judge found that Defendant McGee had submitted sufficient proof that Plaintiff did not exhaust administrative remedies concerning any alleged misdeeds by TDCJ employees other than Defendant Petty in connection with his assault. Docket No. 107 at 8 ("Here, Plaintiff's grievances would have alerted authorities to his claim of generally being in danger and to Petty's negligent or intentional role in his stabbing."). Plaintiff does not dispute that finding with regard to McGee.

4

The Magistrate Judge found that this failure to exhaust administrative remedies applied equally to the SCC and to its members, "even if the Court construes Plaintiff's claim to be against the members of the committee instead of the committee itself." Docket No. 107 at 9. Consideration of the viability of any claims against the SCC members appeared prudent in light of the Court's duty to construe Plaintiff's amended complaint liberally and the fact that Plaintiff was, at that time, seeking information about the individual members of the committee. *See id.* Plaintiff objects on the basis that only Defendant McGee had moved for summary judgment, so it was an improper display of favoritism to recommend granting summary judgment for the SCC members sua sponte. Docket No. 120 at 1. But, as the Magistrate Judge explained, the law of this Circuit allows nonmoving defendants to benefit from defenses raised by other defendants:

> The Fifth Circuit has held that when a defending party establishes that the plaintiff has no cause of action, this defense also inures to the benefit of non-answering defendants." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *Young v. Isola*, 708 F. App'x 152 (5th Cir. 2017). Thus, the defense of failure to exhaust also operates to the benefit of those parties who did not join in the motion for summary judgment.

*Wright v. Cerliano*, 2020 WL 2758789, at *2 (E.D. Tex. Apr. 20, 2020), *report and recommendation adopted*, 2020 WL 2754756 (E.D. Tex. May 27, 2020). Accordingly, the Court may find that Plaintiff did not exhaust any claims he has arguably raised (or might raise) against the members of the SCC based on Defendant McGee's motion.

Plaintiff also argues that he did, in fact, exhaust claims about the SCC's role in leaving him in danger in the Beto Unit before the attack. Docket No. 120 at 4–11. Specifically, he claims he submitted a Step 1 grievance on February 19, 2020, and a

5

Step 2 grievance on March 25, 2020, both of which complained of the SCC's leaving him in danger before the attack, and he never received a response to either grievance. *Id.* at 11. Plaintiff attaches copies of those grievances, neither of which bears any indication that prison officials received it. Docket No. 120-1 at 1, 13. And conclusory allegations that a prisoner filed unanswered grievances are inadequate to establish exhaustion. *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012); *Howe v. Livingston*, No. 9:11CV162, 2012 WL 4127621, at *7 (E.D. Tex. Sept. 17, 2012)). Even the "production of an unprocessed [grievance] form in the district court fail[s] to create a genuine dispute" about exhaustion of administrative remedies. *Kidd*, 463 F. App'x at 313.

In the records Defendant McGee submitted, the inmate grievance custodian acknowledges that a file copy of Step 1 grievance #2020085209 could not be located. Docket No. 79-2 at 2. But that missing grievance cannot exhaust any claims about Plaintiff's assault for at least two reasons. First, a Step 1 grievance alone—without a follow-up Step 2 grievance form—is insufficient to exhaust administrative remedies. *Hicks v. Lingle*, 370 F. App'x 497, 498–99 (5th Cir. 2010). Second, the grievance custodian indicates that the missing grievance concerned grievance issue code 515—which applies to claims of missing property. *See* Docket No. 79-2 at 2, 88. Thus, the missing grievance could not have been related to the alleged assault.

Plaintiff has thus not established any genuine issue of fact about his failure to exhaust administrative remedies concerning any of the Defendants at issue in the Magistrate Judge's Report.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Reports of the United States Magistrate Judge are correct, and Plaintiff's objections are without merit.

Accordingly, it is **ORDERED** that the Reports and Recommendations of the United States Magistrate Judge (Docket Nos. 107, 108) are **ADOPTED** as the opinions of the Court. Plaintiff's objections (Docket No. 120) are **OVERRULED**. The Court hereby **DENIES** Plaintiff's motion to voluntarily dismiss Defendant McGee (Docket No. 106), **GRANTS** Defendant McGee's motion for summary judgment (Docket No. 79), **DISMISSES** Plaintiff's claims against McGee and any claims against members of the SCC without prejudice for failure to exhaust administrative remedies, and **DISMISSES** Plaintiff's claims against the SCC and Warden Jon Doe for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **8th** day of **November, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE