IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUSTIN WRIGHT #1949550 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv280 |
| TDCJ-CID DIRECTOR, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

In July 2021, Plaintiff Justin Wright filed this civil rights lawsuit *pro se* pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights in prison. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Based on Plaintiff's original complaint, the Court originally authorized service upon Defendants Patrice Petty and Shawn McGee and dismissed all other Defendants for failure to state a claim upon which relief could be granted. (Dkt. ##25, 36.) Defendant McGee answered the original complaint on March 23, 2022. (Dkt. #39.) Plaintiff filed an amended complaint on April 22, 2022, and a second amended complaint on May 23, 2022. (Dkt. ##55, 71.) The Court later granted summary judgment to Defendant McGee and members of the State Classification Committee and dismissed all claims against all other Defendants except for Defendant Petty. (Dkt. #126.) Defendant Petty is thus the only remaining Defendant to this action.

Plaintiff has been unable to locate Defendant Petty for service. (*See* Dkt. #86.) Repeated efforts to serve Petty, including at the last known address for her provided by the TDCJ and at an address discovered by Plaintiff, have failed. (Dkt. ##25, 34, 47, 64, 124.) The Court has repeatedly extended Plaintiff's deadline to perfect service under Rule 4(m) of the Federal Rules of Civil

Procedure, most recently granting him a final 90-day extension on December 13, 2022. (Dkt. ##50, 74, 109, 131.) The Court has made all reasonable efforts to aid Plaintiff's attempts to serve Petty, including ordering service by the Marshal's Service despite Plaintiff's payment of the filing fee and ordering the submission of Petty's last known address by counsel for Defendant McGee, and it has granted extensions for "an appropriate period" (and arguably longer) pursuant to Rule 4(m). (Dkt. ##25, 45, 50.) But Plaintiff has been clearly advised that it is his responsibility to locate and serve Defendant Petty and that the failure to do so within the time provided by the December extension might result in dismissal. (Dkt. ##74, 131.)

The time provided by that extension has now expired, and Defendant Petty has not been served. In a "motion to address the court," Plaintiff advises that he "cannot locate Defendant Petty." (Dkt. #136.) He blames this failure on conditions of his confinement, including being "illegally housed" in a restricted status with no access to a phone. (*Id.*) But such restrictions, being a common experience of incarcerated litigants, cannot justify the failure to serve a Defendant indefinitely. Contrary to Plaintiff's assertion, there is nothing in this record to suggest that Defendant Petty gave a false address to TDCJ while she was employed as a correctional officer for the purpose of evading service of this lawsuit. And the other allegations contained in Plaintiff's filing, including a racially motivated beating, lack of medical attention, and unprocessed grievances, have no bearing on the issue of service or this case in general.

There is no doubt that Plaintiff bears the responsibility to take the steps required for service. *Mathes v. City of Corinth, Texas Police Dept.*, No. 4:18-651, 2019 WL 1232857 (E.D. Tex. Feb. 10, 2019) ("In this case, Plaintiff has been cautioned regarding the need for compliance with Rule 4 for the Federal Rules of Civil Procedure and advised Plaintiff that it was his responsibility to

find and provide the Court with the correct address for Defendant[.]" This is true even where, as here, the Court has found it appropriate to appoint the Marshals Service to serve process:

> While the Court will relieve Plaintiff of the burden to serve process, "it is [his] responsibility to locate the defendants and submit their addresses to the court." *Shelton v. Michigan Turkey Producers Co-op., Inc.*, No. 1:13cv441, 2014 WL 4388366, at *6 (W.D. Mich. Sept.5, 2014) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *see also Boyer v. Taylor*, Civil Action No. 06–694–GMS, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("[A] district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process." (citing *Barmes v. Nolan*, 123 F. App'x 238, 249 (7th Cir. 2005))).

*Clark v. ASC Mortgage*, No. 3:14-4236, 2015 WL 3632562, at *1 (N.D. Tex. Jun. 10, 2015).

Another district court has similarly explained:

> Much effort has been expended to locate Defendant Dolinski and accomplish service, but with no success. Ultimately, however, it is Plaintiff's responsibility to provide the Court with an address at which each defendant can be served and the Court is not in a position to use its resources to investigate the current location of a person against whom a pro se litigant wishes to bring a federal court action. Once a plaintiff has been notified that all attempts at service have been unsuccessful and the plaintiff does not present a new or updated address, "[n]either his pro se status nor his incarceration constitute good cause for the lack of service." *Davis v. Macconnell*, No. 3:11-cv-00090, 2011 WL 5326256, at *3 (S.D. Ohio Sept. 16, 2011) (citing *Rose v. U.S. Postal Service*, 352 Fed. Appx. 82 (7th Cir. 2009)) (neither a party's pro se status nor his inexperience as a litigant excuse him from the requirements of Rule 4(m)).

*Kaufman v. Corizon Health*, No. 12-10162, 2012 WL 5830229, *1 (E.D. Mich. 2012); *see also Hall v. Tilton*, No. 07-3233, 2008 WL 4614520, *2 (N.D. Cal. 2008) ("[i]f the marshal is unable to effectuate service through no fault of his own, e.g., because plaintiff failed to provide sufficient information or because the defendant is not where [the incarcerated] plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal").

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must dismiss the action** without prejudice against that defendant." Fed. R. Civ. P. 4(m)

3

(emphasis added). Dismissal is appropriate where, as here, there appears to be no reasonable likelihood that Plaintiff will be able to locate and serve the Defendant. *See Harrell v. Edwards*, No. CIVA 05-4002, 2006 WL 2700704, at *2 (E.D. La. Aug. 28, 2006) (noting that dismissal "is inappropriate where there exists a reasonable prospect that service may be obtained" (*citing Amous v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000))).

Because Defendant Petty not been timely served, and Plaintiff has not shown any likelihood of service or other good cause to further extend the time for service, the district court should dismiss Plaintiff's claims against Petty, without prejudice, for failure to timely serve in accordance with Federal Rule of Civil Procedure 4(m). *See Layton v. McClain*, No. 5:21-CV-122-M-BQ, 2022 WL 17083659, at *3 (N.D. Tex. Oct. 24, 2022), *report and recommendation adopted*, No. 5:21-CV-122-M-BQ, 2022 WL 17084144 (N.D. Tex. Nov. 18, 2022) (dismissing for lack of timely service); *Thomas v. Castillo*, No. 5:17-CV-298-BQ, 2018 WL 4290801, at *2 (N.D. Tex. July 31, 2018), *report and recommendation adopted*, No. 5:17-CV-00298-C, 2018 WL 4283558 (N.D. Tex. Sept. 7, 2018) (same).

## RECOMMENDATION

Accordingly, the undersigned recommends that the Court dismiss Plaintiff's claims against Defendant Petty without prejudice for failure to effect timely service pursuant to Rule 4(m), thus dismissing this case in its entirety. Because Plaintiff's claims arise from an incident alleged to have occurred in February 2020, the statute of limitations on his claim against Defendant Petty should be suspended for sixty days from the judgment in this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 21st day of March, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE